IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-40479
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MONDEE STRACENER,

Defendant-Appellant.

---

Appeal from the United States District Court for the
Eastern District of Texas
(6:94-CV-257)

---

June 3, 1997

Before GARWOOD, BENAVIDES and PARKER, Circuit Judges.[*]

PER CURIAM:

Mondee Stracener, federal prisoner # 01644-078, appeals the district court's denial of his 28 U.S.C. § 2255 motion. Stracener, who is represented by counsel on this appeal (as he was below, though by different counsel), argues that the district court abused its discretion in raising abuse of the writ *sua sponte*. If the movant is afforded an adequate opportunity to explain why his

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

motion should not be barred under Rule 9(b), the district court may raise the issue *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 n.1 (5th Cir. 1997), *petition for cert. filed*, (U.S. Apr. 8, 1997)(No. 96-8524). Stracener admits he had such an opportunity, and indeed his counsel availed himself of it and was in large part successful in doing so, as the district court did not dismiss two of his claims on a Rule 9(b) basis, but rather only after holding an evidentiary hearing and finding the claims to be without substantive merit. Moreover, the government did plead Rule 9(b), albeit that it did so adequately only after the court had raised the issue.

Stracener argues that the district court abused its discretion in dismissing his claim of ineffective assistance of counsel for abuse of the writ. Stracener's argument shows that he is operating under the misconception that his ineffective assistance claim was dismissed for abuse of the writ based on a finding that he did not make a colorable showing of actual innocence. The district court decided that Stracener did make a colorable showing of actual innocence on his ineffective assistance of counsel claim, it did not dismiss this claim for abuse of the writ, and it proceeded to consider his claim on the merits. Stracener does not argue that the district court erred in its conclusion that he had not established ineffective assistance of counsel. Thus, he has abandoned that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Even if he had not, we perceive no error in the district court's ruling that counsel was

2

not shown to be defective in the respect asserted.

AFFIRMED